**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MILAGROS GORIS,

                           Plaintiff,                           **ORDER**

   -against -                                           CV 17-1565 (JFB) (AKT)

BCN TECHNICAL SERVICES, INC.,
ROCKFORD SYSTEMS, INC.,
ROCKFORD SYSTEMS, LLC,
METAL-TECH CONTROLS CORP.,
NEWELL INDUSTRIES, INC., and
HIGHVIEW SYSTEMS, LLC,

                           Defendants.
-----------------------------------------------------------------X
BCN TECHNICAL SERVICES, INC.,

                           Third-Party Plaintiff,

      -against-


GREAT NECK SAW MANUFACTURERS, INC.,

                           Third-Party Defendant.

-----------------------------------------------------------------X
ROCKFORD SYSTEMS. LLC,

                           Second Third-Party Plaintiff,

      -against-


GREAT NECK SAW MANUFACTURERS, INC.,

                           Second Third-Party Defendant.

-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

The Court has reviewed Defendant Metal-Tech Solution's motion for an Order directing that the deposition of Metal-Tech take place in Florida, *see* DE 91, as well as Plaintiff's opposition, which seeks an Order directing that the deposition take place in New York. *See* DE 92. At the outset, the Court notes that Plaintiff's opposition was filed some ten days after Metal-Tech's motion was submitted, in violation of this Court's Individual Rules which require opposition to be filed within three business days of the original motion. However, the Court in its discretion elects to address the motion and opposition at this time.

Metal-Tech argues that the deposition of its witness should be conducted in Florida, its principal place of business, and relies on the general presumption that a non-resident defendant's deposition is normally held where that individual resides or works. Plaintiff argues that the deposition should be conducted in New York primarily owing to the cost to the Plaintiff of having both Plaintiff and counsel travel to Florida. Plaintiff also challenges Defendant's assertion that it would inconvenience Metal-Tech's President Glen Koedding to travel to New York for the deposition, and generally questions the credibility of Metal-Tech's assertions, made through counsel, given the fact that no affidavit was provided with Metal-Tech's motion.

As provided in the Federal Rules of Civil Procedure, the Court has the authority to, in its discretion, designate the location of depositions. *JB Aviation, LLC v. R Aviation Charter Servs., LLC*, No. CV 14-5175, 2016 WL 4444794, at *4 (E.D.N.Y. Aug. 23, 2016); Fed. R. Civ. P. 26; *see R.P. Family, Inc. v. Commonwealth Land Title Ins. Co.*, Nos. 10 CV 1149, 10 CV 1727, 2011 WL 6020154, at *1 (E.D.N.Y. Nov. 30, 2011); *Sugerhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985); *Finkelstein v. Secs. Indus. Automation Corp.*, No. 05 CV 5195, 2006 WL 3065593, at *1 (E.D.N.Y. Oct. 27, 2006). "Underlying this rule is the concept

that the plaintiff initially chose the forum while the defendant is not before the court by choice." *Sloniger v. Deja*, No. 09CV858S, 2010 WL 5343184, at *4 (W.D.N.Y. Dec. 20, 2010). "Notwithstanding such discretion, '[t]here is a general presumption that a non-resident defendant's deposition will be held where he or she resides or works.'" *JB Aviation, LLC*, 2016 WL 4444794, at *4 (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997)); *Davis v. Farrell*, No. CV 16-4874, 2017 WL 2817051, at *2 (E.D.N.Y. June 29, 2017) ("Although a party noticing a deposition can generally choose the location for the deposition, 'courts presume that a deposition of a non-resident defendant should generally be conducted in the district where the defendant lives or works.'") (quoting *Robert Smalls Inc. v. Hamilton*, 2010 WL 2541177, at *1 (S.D.N.Y. 2010)). This presumption is not a hard and fast rule by which a court is bound, but "merely a decision rule that facilitates determination when other relevant factors—for example, cost, convenience, and litigation efficiency—do not favor one side over the other." *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 390 (S.D.N.Y. 2011) (internal quotation omitted).

In analyzing whether a defendant's deposition should be conducted at his place of residence or within the forum of the litigation, courts consider three factors: cost, convenience and litigation efficiency. *See Trustees of Local 813 Ins. Trust Fund v. Indus. Recycling Sys., Inc.*, No. 12-CV-1522, 2013 WL 6178579, at *1 (E.D.N.Y. Nov. 25, 2013); *Robert Smalls Inc. v. Hamilton*, No. 09 CIV. 7171, 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) ("A plaintiff may overcome the presumption [that defendant be deposed at his place of residence] by showing that factors of cost, convenience, and litigation efficiency militate in favor of a different location.") (internal citation omitted). Importantly, no one factor is dispositive. *JB Aviation,*

3

*LLC*, 2016 WL 4444794, at *4. Instead, courts engage in a balancing test to ultimately determine which forum is most appropriate given the unique set of factual circumstances at issue. *See Sloniger*, 2010 WL 5343184, at *4 (balancing factors of cost, convenience, and litigation efficiency, and ultimately concluding that since "the three factors do not decisively favor either side . . . the deposition of [defendant] . . . shall be in [defendant's place of residence]").

As to cost, Plaintiff argues that by conducting Metal-Tech's deposition in Florida, the cost to his client – "an individual who sustained multiple finger amputations and has not worked since . . . 2015," DE 92 at 2 – would be significant, and that Metal-Tech is being defended and indemnified by a large insurance company. However, Plaintiff's counsel has pointed to no case law to support his argument that a party's source of litigation funding, as opposed to simply the cost of litigation, is relevant or proper for the Court to consider. Additionally, the Court does not find persuasive Plaintiff's argument that Mr. Koedding's representations should not be credited absent an affidavit regarding the impact of appearing in New York for a deposition on Metal-Tech's business operations. Although Plaintiff's submission makes broad assertions concerning the overall financial ability of Metal-Tech as compared to Plaintiff, the motion does not contain any evidence illustrating an *actual* financial hardship that would otherwise preclude Plaintiff from absorbing the cost of his counsel traveling to Florida. Moreover, Plaintiff himself is certainly free to attend the deposition by telephone, videoconference, skype, etc., and such arrangements can be readily made. For that matter, so can Plaintiff's counsel. And as much as counsel asserts problems with transmission in a remote video conferenced deposition, there are certainly services and technology available to the parties to assuage such concerns.

With respect to convenience, although each party has made assertions to the effect that this factor weighs in their respective favor, neither has submitted evidence to the Court concerning any hardship to counsel or the extent to which the witness' affairs may be disrupted. As such, despite these assertions, and recognizing that it is Plaintiff's affirmative burden to come forward with evidence establishing that each of the three factors weighs against applying the presumption, *see Arneauld v. Pentair, Inc.*, No. CV-11-3891, 2012 WL 5932956, at *10 (E.D.N.Y. Nov. 26, 2012), the Court finds that this factor is neutral in light of Plaintiff's lack of a sufficient evidentiary proffer.

Although Plaintiff' counsel relies heavily upon the fact that the attorneys, the documents, and the Court are all located in New York, none of these factors are unique or otherwise illustrate a particular circumstance that would persuade the Court that this factor weighs in Plaintiff's favor. Indeed, at the time Plaintiff filed his Complaint in this forum, he was aware that Defendant Metal-Tech resided in Florida. Thus, Plaintiff cannot now be heard to complain that after filing suit in this district and having had knowledge of Defendant's residence outside the district that ordinary factors such as location of counsel or documents – issues involved in all cases – should outweigh the presumption that "[t]he deposition of a non-resident defendant [ ] is generally conducted at the defendant's place of residence." *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998). As such, this factor is neutral.

After analyzing the above factors and in light of "[t]he usual rule . . . in federal litigation, [ ] that in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located," *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 390 (S.D.N.Y. 2011) (quoting *In re Fosamax Prods. Liab. Litig.*, No.

1:06–MD–1789, 2009 WL 539858, at *1 (S.D.N.Y. Mar. 4, 2009)), the Court determines that Mr. Koedding's deposition shall take place in Florida.

**SO ORDERED.**

Dated: Central Islip, New York
       January 2, 2019

                                        /s/ A. Kathleen Tomlinson
                                        A. KATHLEEN TOMLINSON
                                        United States Magistrate Judge